IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.            ) | Criminal No.   19-253-01 |
| ) | |
| ) | |
| OCTAVIO RODRIGUEZ SHIPMAN,   ) | |
| ) | |
| Defendant. | |

**MEMORANDUM OPINION**

Pending before the court is a motion for modification of conditions of release (ECF No. 85) filed by counsel on behalf of defendant Octavio Shipman ("Shipman"). Shipman seeks a window from home detention to spend Thanksgiving and Christmas day with his fiancé. The government filed a response in opposition to the motion (ECF No. 87) and Shipman filed a reply (ECF No. 88). The motion is ripe for decision.

Background

On October 10, 2019, Shipman waived indictment and pleaded guilty to counts 1, 2 and 3 of the information at Crim. No. 19-253, respectively, for possession of a firearm by a convicted felon, false statements to the government, and theft of government money. On April 22, 2020, the court sentenced Shipman to "time served," followed by 3 years of supervised release.

On June 20, 2020, the court modified Shipman's conditions, with his consent, to add the condition: "The defendant shall not violate any rules and/or restrictions outlined in any active protection from abuse (PFA) or restraining order."

On January 9, 2023, the probation office filed a petition (ECF No. 55) to revoke

Shipman's supervised release, asserting four violations.  Of particular importance to the pending motion, violation 1 involved an incident on December 26, 2022, in which Shipman was hostile and abusive to a victim and her adult son; stabbed a wall with a kitchen knife; spilled ice; knocked over numerous items; and took a $1,600 camera.  Shipman also shouted vulgar and abusive language at the victim and her son.  The victim obtained an emergency protection from abuse ("PFA") order.  The government attached the PFA order (ECF No. 87-1) and represents that the victim was [B.P.] – Shipman's fiancé and the same person with whom he seeks to spend Thanksgiving and Christmas.

On April 25, 2023, the court held a revocation hearing.  Shipman admitted violations 1 and 4, and the government withdrew violations 2 and 3.  The court revoked Shipman's supervised release and sentenced him to 6 months in prison, to be followed by a new 3-month term of supervised release.

On July 9, 2023, the probation office filed a petition (ECF No. 71) alleging that Shipman violated the conditions of his supervision in another domestic violence incident involving a different woman.  The court held a hearing on October 19, 2023, at which the victim testified. Shipman admitted a Grade C violation.  The court revoked his supervised release and sentenced Shipman to another 3-month term of imprisonment, to be followed by 3 months on supervised release with a condition of home detention.

Discussion

It is the defendant's burden to demonstrate that his conditions of supervision should be modified.  *United States v. Hlavac*, No. 2:05-CR-200-NR, 2022 WL 4553133, at *1 (W.D. Pa.

Sept. 29, 2022) ("The proponent of a supervised release modification must provide the court with sufficient information to warrant modification of the terms of supervised release.") (citing *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018)).

On the record before the court, Shipman did not meet his burden. Shipman did not articulate any particular hardship. Presumably, he simply desires to observe the holidays with his loved one, who previously obtained a PFA against him. The government and the probation officer oppose the request.

The record reflects Shipman's involvement in multiple domestic violence incidents involving at least three different victims. Most troubling, Shipman admitted engaging in a serious incident involving [B.P.] last Christmas (December 26, 2022). Shipman notes that the PFA Order was withdrawn on November 9, 2023 (the day before Shipman's counsel filed the pending motion). Shipman, however, did not provide any assurances about his behavior or outline measures that could be taken to minimize the possibility of another domestic violence incident this year.

Conclusion

In accordance with the foregoing, the motion for modification of conditions of release (ECF No. 85) will be DENIED.

An appropriate order will be entered.

Dated: November 21, 2023            BY THE COURT:

                                    /s/ Joy Flowers Conti
                                    Senior United States District Judge